# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV122-RJC-DSC

| | |
|---|---|
| LYNDI BOONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| DUKE ENERGY CAROLINAS, ) | |
| LLC and DUKE ENERGY ) | |
| CAROLINAS PLANT ) | |
| OPERATIONS, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss" (document #7) and "Brief in Support ..." (document #8), both filed April 22, 2009; and "Plaintiff's Memorandum in Opposition ..." (document #11) filed May 26, 2009. On June 15, 2009, the Defendants filed their "Reply ..." (document #14).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Defendants' Motion to Dismiss be <u>granted</u> as to Plaintiff's sole federal claim (Title VII), that the Court decline supplemental jurisdiction of the Plaintiff's remaining state law claims, and that those claims be remanded to state court, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the verified Complaint as true, Plaintiff, a female former employee of the Defendants, was "harassed" by her male supervisor on the basis of her gender, when he (a) made discriminatory remarks to her, such as "ladies belong in the kitchen" and "go back to the kitchen;" (b) required Plaintiff to inform her supervisors of her whereabouts during the work day; (c) was "chilly" when responding to questions from her; and (d) was critical of her work. Plaintiff complained to the Defendants at various unspecified times during her employment about such comments, but Defendants did not take remedial steps to stop the supervisor's behavior.

Plaintiff also alleges that she was rejected for eight promotions or lateral moves in favor of male employees at unspecified times during her employment beginning in early 2006.

Plaintiff further alleges that during a meeting with a subordinate male employee on March 11, 2008, she shared that she believed "his behavior towards her was due to her gender." On one unspecified occasion, the same male subordinate called Plaintiff a "bitch." Plaintiff complained about that employee to two different managers, but nothing was done about the employee's "hostile attitude [towards her] and refusal to follow her directions."

After a brief suspension beginning March 24, 2008, Duke Energy terminated Plaintiff on April 4, 2008. Taking the Complaint in the light most favorable to the Plaintiff, she claims her termination was gender based and/or in retaliation for complaining about gender discrimination.

Continuing to accept the allegations of the Complaint as true, on October 31, 2008, 210 days after her termination, Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On November 24, 2008, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue (commonly referred to as a "right to sue letter")

noting that Plaintiff's administrative charge "was not timely filed with the EEOC."

On February 22, 2009, Plaintiff filed the subject verified Complaint in Mecklenburg County Superior Court. The Complaint contains four claims for relief: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (2) negligent supervision of employees; (3) intentional infliction of emotional distress; and (4) wrongful termination in violation of the "public policy" of North Carolina. The parties agree that Plaintiff's second, third and fourth claims arise entirely under state law.

On March 26, 2009, Defendants timely removed the action from Mecklenburg County Superior Court to United States District Court on the basis that Plaintiff's Title VII claim gave rise to federal question subject matter jurisdiction.

On April 22, 2009, Defendants filed the subject Motion to Dismiss, contending among other things that Plaintiff's Title VII claim is barred because she failed to file a timely administrative charge with the EEOC.

In an Affidavit attached to her Memorandum in Opposition, the Plaintiff states – for the first time and in contradiction of both the express allegations of her <u>verified</u> Complaint and the contents of the EEOC file – that she, in fact, attempted to file an administrative charge with EEOC sometime in May 2008, and that the EEOC lost her paperwork.

The Defendants' Motion has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

**A. Standard of Review**

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

As a general rule, a plaintiff's complaint need only provide a short statement in plain English of the legal claim showing that the pleader is entitled to relief that is also sufficient to provide the defendant with "fair notice" of the claim and its basis. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, however, the pleader must show through her allegations that it is plausible, rather than merely speculative, that she is entitled to relief. Twombly, 550 U.S. at 555-56. A complaint must do more than merely "avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d

94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

### B. Title VII Claim

It is well settled that a Title VII plaintiff is required to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory activity and prior to filing an action in federal court. See 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1), (f); 42 U.S.C.. § 12117(a); Delaware State College v. Ricks, 449 U.S. 250, 255 (1980) (Title VII); Felty v. Graves-Humphreys Co., 785 F.2d 516, 518-19 (4th Cir. 1986) (ADEA); and NAACP Labor Committee of Front Royal v. Laborers' International Union of North America, 902 F.Supp. 688, 699 (W.D.Va. 1993). It is equally clear that Plaintiff failed to satisfy that requirement in this case.

Although "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling," there is no basis for any of these exceptions to the general rule in this case. NAACP Labor Committee of Front Royal, 902 F.Supp. at 699-700, citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Indeed, the Plaintiff's belated attempt to shift the blame to the EEOC is meritless, particularly where she seeks to contradict the earlier sworn allegations contained in her Complaint. See Rohrbourgh v. Wyeth Labs., Inc., 916 F.2d 970, 975 (4th Cir. 1990) (plaintiff may not avoid the preclusive effect of dispositive motion by submitting an affidavit that is inconsistent with prior deposition testimony; Webb v. Starbucks Corp. 2008 U.S. Dist. LEXIS 97289 (W.D.N.C. November 11, 2008) (plaintiff's affidavit contradicting plaintiff's prior deposition statement that she suffered no emotional distress should not be considered); and Wiley v. United Parcel Service, Inc., 102 F. Supp.2d 643, 653 (M.D.N.C. 1999).

5

Accordingly, where the Plaintiff did not file her EEOC charge within the required 180 day period, the undersigned respectfully recommends that Plaintiff's Title VII claim be dismissed for Plaintiff's failure to exhaust her administrative remedies in a timely manner. NAACP Labor Committee of Front Royal, 902 F.Supp. at 707-08, citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984).

### C. Supplemental Jurisdiction of State Law Claims

Having recommended dismissal of Plaintiff's only federal claim, it is within the Court's broad discretion whether to retain supplemental jurisdiction of her remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("the district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction); and Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished"), citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Moreover, declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Accord Chesapeake Ranch Water Company v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims); and Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005) (same). See also Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994).

Finally, "it is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)."

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002), citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c)).

Applying these principles, and expressing no opinion as to the merits of Plaintiff's state law claims, the undersigned respectfully recommends that the Court decline supplemental jurisdiction and remand those claims to state court.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss" (document #7) be **GRANTED** as to the Plaintiff's Title VII claim and that claim be **DISMISSED WITH PREJUDICE**. The undersigned further recommends that the Court **DECLINE** supplemental jurisdiction of the Plaintiff's remaining state law claims and that those claims be **REMANDED** to Mecklenburg County Superior Court.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also

preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: June 18, 2009

David S. Cayer
United States Magistrate Judge