UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-122-RJC-DSC

| | |
|---|---|
| LYNDI BOONE, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| DUKE ENERGY CAROLINAS, LLC, & ) DUKE ENERGY CAROLINAS PLANT ) OPERATIONS, LLC, ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court pursuant to defendants' motion to dismiss (Doc. No. 7), the Magistrate Judge's Memorandum and Recommendations ("M&R") (Doc. No. 15), the defendants' objection (Doc. No. 16), and the plaintiff's reply (Doc. No. 19). For the following reasons, the defendants' motion to dismiss is **GRANTED** and the case is **REMANDED** to Mecklenburg County Superior Court.

**I. BACKGROUND**

Plaintiff asserts a federal cause of action for gender discrimination under Title VII, as well as state law claims for negligent supervision of employees, intentional infliction of emotional distress, and wrongful termination. The parties made no specific objections to the findings of fact contained in the Magistrate Judge's M&R. After a careful review of the record in this case, the Court adopts the factual findings made by the Magistrate Judge on pages two and three of the M&R filed on June 18, 2009, for purposes of this Order.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis,718 F.2d 198, 200 (4th Cir.1983); Keeler v. Pea, 782 F. Supp. 42, 43 (D.S.C. 1992). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

Defendants object to the recommendation that the Court remand the case to state court. They request that the Court retain supplemental jurisdiction over the state law claims.[1] After dismissing all claims over which it has original jurisdiction, it is within the Court's broad discretion whether to retain supplemental jurisdiction of the remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("the district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. The Supreme Court has recognized that where a single federal claim is dismissed early in an action, the District Court has a "powerful reason to choose not to exercise jurisdiction." Cohill, 484 U.S. at 351. In determining whether to retain jurisdiction over the state law claims, the Court considers "the convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan, 58 F.3d at 110.

Continuing this action in federal court is no more convenient or fair to the parties than remanding it to state court, and there are no underlying issues of federal policy that convince this Court that it should retain jurisdiction over the state law claims. Comity weighs in favor of allowing

---

[1] Neither the plaintiff nor the defendants object to the Magistrate Judge's determination that plaintiff failed to exhaust her administrative remedies in a timely manner. This Court reviewed the M&R for clear error and adopts the Magistrate Judge's recommendation to dismiss the Title VII claim.

the courts of the State of North Carolina to determine a case between North Carolina residents that consists purely of state law claims. Finally, at this early stage in the litigation, minimal federal resources have been expended, and the Court is conscious of the judicial economy that will be served by remanding the case to state court.

The Court will thus dismiss the plaintiff's Title VII claim and decline to consider the state law claims.

**IT IS, THEREFORE, ORDERED** that

1. the defendants' motion to dismiss (Doc. No. 7) is **GRANTED IN PART**, that is **GRANTED** as to the plaintiff's Title VII claim, and the Title VII claim is **DISMISSED**.

2. The Court **DECLINES** supplemental jurisdiction of the remaining state law claims, and those claims are **REMANDED** to Mecklenburg County Superior Court.

**SO ORDERED.**

Signed: November 11, 2009

Robert J. Conrad, Jr.
Chief United States District Judge